In re Complaint as to the Conduct of

# KENNETH MONTGOMERY,
*Accused.*

(OSB 81-30; SC S30676)

687 P2d 156

Joe D. Bailey, of Landis, Aebi, Bailey & Mercer, P.C., Portland, argued the cause and filed the brief for the accused.

Morton A. Winkel and Stephen F. Crew, Portland, argued the cause and filed the brief for the Oregon State Bar.

## PER CURIAM

In this disciplinary matter the accused, Kenneth Montgomery, charged with violating DR 5-105, DR 6-101(A)(3) and DR 6-101(A)(1), was found guilty by the Trial Board of violating solely DR 6-101(A)(3). The Disciplinary Review Board found the accused not guilty of violating DR 6-101(A)(3) and (A)(1), but guilty of violating DR 5-105.[1] The relevant facts concerning the accused's conduct are set out in the case of *In re Odman,* 297 Or 744, 687 P2d 153 (1984).

We find that the accused knew he was representing Lunning and that his associate Odman was representing the estate against which Lunning was making claims. He knew or should have known of the basic potential conflicts of interest between the two clients. The accused violated DR 5-105. *In re Porter,* 283 Or 517, 584 P2d 744 (1978).

The accused, not being responsible for Odman's inadequacies and having no control over the Echeverria estate is not guilty of violating DR 6-101(A)(3) or (A)(1).

The accused, being guilty of violating DR 5-105, is publicly reprimanded. The Oregon State Bar is awarded its actual and necessary costs and disbursements. ORS 9.536(4).

---

[1] DR 5-105 states in part:

> "(B) A lawyer shall not continue employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under DR 5-105(C).

> "(C) In the situations covered by DR 5-105(A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each."

DR 6-101(A)(3) provides:

> "(A) A lawyer shall not:
>
> "* * * * *
>
> "(3) Neglect a legal matter entrusted to him."

DR 6-101(A)(1) provides:

> "(A) A lawyer shall not:
>
> "(1) Handle a legal matter which he knows or should know that he is not competent to handle, without associating with him a lawyer who is competent to handle it."